KANSAS CITY TERMINAL ELEVATOR COMPANY, Petitioner,

v.

NATIONAL LABOR RELATIONS BOARD, Respondent.

No. 82–1387.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 15, 1982.

Decided Jan. 12, 1983.

Stephen P. Dees, Stinson, Mag & Fizzell, Kansas City, Mo., for petitioner.

Elinor Hadley Stillman, Robert I. Tendrich, William A. Lubbers, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Acting Associate Gen.

Counsel, Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., Washington, D.C., for respondent.

Before BRIGHT, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

PER CURIAM.

This action arises out of a refusal by the Kansas City Terminal Elevator Company (Company) to bargain with the American Federation of Grain Millers, AFL–CIO, Local No. 16 (Union). The Union represents production and maintenance employees at the company terminal elevator No. 1, in Kansas City, Missouri. The National Labor Relations Board determined that the Company's refusal to bargain constituted an unfair labor practice in violation of Sections 8(a)(5) and (1) of the National Labor Relations Act, 29 U.S.C. §§ 158(a)(5) and (1) (1976). The Board issued an appropriate order requiring the Company to bargain with the Union. The Company petitions for review, maintaining that the Board did not approve an appropriate bargaining unit. The Board, in turn, applies for enforcement of its order. After reviewing the record, we grant enforcement. The designation of the appropriate bargaining unit in this case falls within the Board's discretion and is supported by substantial evidence.

The Company objects to the unit because the unit does not include a second elevator (Elevator No. 2), also owned by the Company and located within four miles of Elevator No. 1. The Company asserts that these two elevators operate as a single unit and that the employees of the two elevators constitute the sole, proper bargaining unit. At a hearing on the representation petition, however, the Kansas City, Missouri Regional Director (Board Region 17) disagreed with this argument. The Regional Director found that the production and maintenance workers of Elevator No. 1 constituted an appropriate bargaining unit.

Thereafter, the Union won an election conducted at Elevator No. 1, and the Board certified the Union as the unit's bargaining representative. The Company refused to bargain, however, as a means of protesting the appropriateness of the unit, and the Union filed an unfair practice charge against the Company. The Board granted summary judgment[1] against the Company, based on the prior representation hearing. The proceedings now before us require that we review the record in the underlying representation proceedings.

The record discloses that each elevator has a separate supervisor. Both supervisors, however, exercise a substantial degree of supervisory authority over all employees, regardless of the particular elevator to which they are assigned. Nevertheless, final decisions are made by the manager, a person who manages several other elevators in addition to Nos. 1 and 2. The record also discloses that although employees of the two elevators may interchange work assignments, they do so on a relatively infrequent basis. Finally, no labor organization seeks to represent the two elevators as a unit.

Based on the record, the Board could properly conclude that production and maintenance employees at Elevator No. 1 constitute an appropriate bargaining unit. While the record would also have supported a unit comprised of both elevators, representing a division of the Company under 29 U.S.C. § 159(b) (1976), the Board has discretion to determine that a lesser unit is also appropriate. See *NLRB v. Pan American Petroleum Corp.*, 444 F.2d 328, 331 (10th Cir.), *cert. denied,* 404 U.S. 991, 92 S.Ct. 534, 30 L.Ed.2d 542 (1971).

Accordingly, we enforce the Board's order.

---

1. The Board's opinion is reported at 260 NLRB No. 80 (1982).